1

2

3

4                          UNITED STATES DISTRICT COURT

5                        EASTERN DISTRICT OF CALIFORNIA

6

7   **VICKY GUERRA, as Administrator**     1:06-CV-00177 OWW DLB
    **for the Estate of JENNIFER**
8   **PERRY**
                                           **MEMORANDUM DECISION AND ORDER**
9                  **Plaintiff,**           **RE GRANTING PLAINTIFFS MOTION**
                                           **TO REMAND**
10        **v.**

11  **Allstate LIFE INSURANCE**
    **COMPANY; MEL MONDOZA; VICTOR**
12  **DAVIS; DOES 1 through 100,**

13                **Defendants.**

14

15                       1.   <u>INTRODUCTION</u>

16

17        Plaintiff Vicky Guerra ("Plaintiff") brings a motion to

    remand this action to Stanislaus County Superior Court.

18

19  Defendant Allstate Life Insurance Company ("Allstate") opposes

    the motion.   Concurrently, Allstate moves to dismiss Plaintiff's

20

21  claims for fraud and breach of covenant of good faith and fair

    dealing.   Plaintiff opposes Allstate's motion to dismiss her

22

23  claims.

24                     2.   <u>PROCEDURAL HISTORY</u>

25  **A.   Plaintiff's Motion to Remand**

26        Defendants removed this action from Stanislaus County

    Superior Court.   (Doc. 1, Notice of Removal, Filed February 17,

27

28  2006.)   Plaintiff has filed a Motion to Remand.   (Doc. 11, Mot.

                                    **1**

1  to Remand, Filed March 9, 2006.)  Defendant filed its opposition
2  on April 21, 2006.  (Doc. 20, Mem. in Opp. to Plaintiff's Mot. to
3  Remand "Opp. to Remand", Filed March 12, 2006.)

4  **B.  Defendants' Motion To Dismiss**

5  Defendants filed a Motion to Dismiss Plaintiff's claims for
6  breach of contract and breach of the implied covenant of good
7  faith.  (Doc. 7, Defendants Mot. to Dismiss, Filed February 23,
8  2006.)  Plaintiffs filed their opposition on March 13, 2006.
9  (Doc. 14, Mem. in Opp. to Mot. to Dismiss.)

10  **3.  FACTUAL BACKGROUND**

11  **A.  The Life Insurance Policy**

12  On January 29, 2000, Jennifer Perry ("Perry") purchased a
13  life insurance policy from Allstate Life Insurance Company.
14  (Doc. 1, Notice of Removal, Exhibit A, Second Amended Complaint
15  ("SAC"), ¶1.)  The face amount of the policy was $100,000.  (Id.,
16  ¶7.)  The agent selling the policy was Defendant Mel Mendoza
17  ("Mendoza").  (Doc. 11, Mot. to Remand.)  The named beneficiary
18  under the policy is Defendant Victor Davis ("Davis").  (Doc. 1,
19  Notice of Removal, SAC, ¶10.)  Davis was convicted in the
20  Superior Court of California of the murder of Jennifer Perry in
21  February 2005.  (Doc. 14, Mem. in Opp. to Mot. to Dismiss.)
22  Davis is appealing his conviction.  (Doc. 1, Notice of Removal,
23  SAC, ¶10.)

24  Plaintiff is the Administrator for the Estate of Jennifer
25  Perry.  (Doc. 1, Notice of Removal, SAC, ¶1.)  On August 6, 2001,
26  Plaintiff's counsel contacted Allstate and informed it of Perry's
27  death.  (Id., ¶12.)  In a letter to Plaintiff dated August 27,
28  2002, Allstate denied coverage, refused to pay the benefits, and

**2**

1  rescinded the policy.  (Id., ¶13.)  Allstate's denial of coverage

2  is based on alleged false representations by Perry when she

3  applied for insurance benefits.  (Id., ¶14.)

4      Mendoza was present when Perry filled out the application.

5  (Doc. 1, Notice of Removal, SAC, ¶17.)  Plaintiff alleges Mendoza

6  either filled out the application for Perry or instructed her on

7  how to answer the questions on the application.  (Id.)

8      **B.   The Underlying Dispute**

9      Plaintiff initially brought several claims against Allstate

10 and Mendoza in Stanislaus County Superior Court.  First,

11 Plaintiff alleges a claim for breach of contract.  According to

12 Plaintiff, Allstate, Mendoza, and other unnamed defendants,

13 breached their obligation under the policy by refusing to pay her

14 the benefits in accordance with its terms.  (Doc. 1, Notice of

15 Removal, SAC, ¶23 and ¶30.)  Plaintiff also asserts a claim for

16 breach of the implied covenant of good faith and fair dealing.

17 She argues that Allstate, Mendoza, and other unnamed defendants

18 intentionally engaged in a course of conduct intended to oppress

19 plaintiff and dissuaded her from seeking the benefits under the

20 policy.  (Doc. 1, Notice of Removal, SAC, ¶32.)

21     Lastly, Plaintiff claims fraud against Allstate and Mendoza.

22 Plaintiff argues that Mendoza, in the scope of his Allstate

23 employment, made false representations to Perry when instructing

24 her on how to fill out the insurance application.  (Doc. 1,

25 Notice of Removal, SAC, ¶36.)

26     Plaintiff, as the administrator of Perry's estate, brings

27 one claim against Davis for declaratory relief to determine her

28 rights and duties of entitlement to the proceeds of Perry's

**3**

1    policy.  (Doc. 1, Notice of Removal, SAC, ¶46.)

2        Allstate has removed the dispute to federal court and

3    Plaintiff now seeks remand of the action.

4        **C.    The Parties' States of Citizenship**

5        Plaintiff is a citizen of the State of California.  (Doc. 1,

6    Notice of Removal, SAC, ¶1.)  Allstate is incorporated in the

7    State of Illinois, with its principal place of business in

8    Northbrook, Illinois.  (Doc. 1, Notice of Removal, ¶5).  Davis is

9    a citizen of the State of California currently serving two life

10   sentences for murder in a California prison.  (Doc. 11, Mot. to

11   Remand.)

12       The record, however, is unclear as to Mendoza's state of

13   citizenship.  Mendoza sold insurance policies for Allstate using

14   the insurance license number 063380.  (Doc. 11, Mot. to Remand.)

15   An investigation with the California Department of Insurance has

16   revealed that this licence number does not exist.  (Id.)

17   According to Plaintiff, the California Department of Insurance

18   has no record of Mendoza having a license to sell insurance.

19   (Id.)  Plaintiff argues that because Mendoza assisted Perry in

20   filling out her insurance application in California, it must be

21   inferred that Mendoza was a citizen of California at that time.

22   (Id.)  Defendant does not contest Mendoza's California

23   citizenship.

24              **4.  PLAINTIFF'S MOTION TO REMAND**

25       **A.    Standard of Review**

26       Section 1447(c) provides that "if at any time before final

27   judgment it appears that the district court lacks subject matter

28   jurisdiction, the case shall be remanded."  28 U.S.C. 1447(c);

**4**

*Briano v. Conseco Life Ins. Co.,* 126 F. Supp. 2d 1293, 1295 (C.D. Cal 2000). The subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion, or in the responsive pleadings. *Id.* A defendant has the burden of establishing that removal was proper. *Arellano v. Home Depot U.S.A., Inc.,* 245 F. Supp. 2d 1102, 1105 (S.D. Cal 2003); *Duncan,* 76 F.3d at 1485. The removal statute is to be strictly construed against removal. *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006). Federal jurisdiction must be rejected if there is any doubt as to the right or removal in the first instance. *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996). Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case. *Santos v. People of Guam,* 436 F.3d 1051, 1053 (9th Cir. 2006).

**B.   Analysis**

   **i.   Complete Diversity Must Exist Amongst All Parties For Removal to Be Proper.**

Jurisdiction in this case is based exclusively on diversity of citizenship. Original diversity jurisdiction exists under 28 U.S.C. section 1332(a) when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.[1] A defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."

---

[1] It is undisputed that the amount in controversy is $100,000, the amount of the policy. There is no federal question apparent from Plaintiff's second amended complaint.

**5**

1    28 U.S.C. section 1441(a).  When an action is removed based on

2    diversity, complete diversity must exist at removal.  *Gould v.*

3    *Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir.

4    1986), *cert. denied,* 479 U.S. 987, 107 S. Ct. 580 (1986).

5    Complete diversity requires each plaintiff to be a citizen of a

6    different state from each defendant.  *Caterpillar Inc. v. Lewis,*

7    519 U.S. 61, 68 (1996); *Morris v. Princess Cruises, Inc.* 236 F.3d

8    1061, 1067 (9th Cir. 2001).  Generally, diversity is determined

9    from the face of a complaint.  *Gould,* 790 F.2d at 773.  The first

10   issue is whether complete diversity exists between Plaintiff,

11   Mendoza, and Davis such that removal was proper.

12                  **a.   Mendoza's Citizenship**

13       Plaintiff is a citizen of the state of California.

14   Plaintiff alleges that Mendoza is an agent for Allstate, licensed

15   to sell insurance policies in the State of California on its

16   behalf.  (Doc. 1, Notice of Removal, SAC, ¶3.)  The record is

17   unclear as to Mendoza's state of citizenship.  Mendoza sold

18   insurance policies for Allstate using the insurance license

19   number 063380, a number Plaintiff alleges does not exist.  The

20   California Department of Insurance has no record of Mendoza

21   having a license to sell insurance.  Allstate does not contest

22   Mendoza's citizenship in California.  Instead Allstate argues

23   that Mendoza's citizenship should be disregarded because he is a

24   fraudulently joined defendant.  (Doc. 20, Opp. to Mot. to

25   Remand.)

26       Mendoza sold a policy in California to a California

27   resident.  Allstate issued the subject insurance policy and

28   collected the premiums from Perry.  (Doc. 11, Mot. to Remand.)

                                **6**

Because Allstate does not contest Mendoza's California citizenship and there is no evidence to the contrary, Mendoza is deemed a California citizen for purposes of this action.

### b.   Davis' Citizenship

It is undisputed that Davis resides in the State of California and is the named beneficiary under Perry's life insurance policy.  (Doc. 1, Notice of Removal, SAC, ¶4.)  Davis is currently serving two life sentences in a California state prison for the murder of Perry and Perry's daughter.  (Doc. 11, Mot. to Remand.)

At first glance, it appears that diversity jurisdiction does not exist between Plaintiff, Mendoza, and Davis at the time of Allstate's removal of the action.  However, the question of diversity depends on whether Mendoza and Davis, as non-diverse parties, are necessary and proper to this litigation.

### ii.   Mendoza and Davis Were Properly Joined as Necessary Parties Under Fed. R. Civ. P. 19(a).

Federal Rule of Civil Procedure 19(a) requires joinder of persons whose interests are so directly involved that their presence is needed for just adjudication.  Fed. R. Civ. P. 19(a). A necessary party is one having an interest in the controversy, and who ought to be made a party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.  *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)*(citing, *CP Nat'l. Corp. v. Bonneville Power Admin.,* 928 F.2d 905, 912 (9th Cir. 1991).)  This standard is met

**7**

1   when failure to join will lead to separate and redundant actions.

2   *Id.* Plaintiff is required to join any person whose interests are

3   such that in his or her absence:

> 1)   complete relief cannot be accorded among those already parties; or
>
> 2)   Any judgment rendered may:
>
> a)   impair or impede the absent person's ability to protect that interest, or
>
> b)   leave any of the existing parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations

11  Fed. R. Civ. P. 19(a)

> **a.   Complete Relief Cannot Be Accorded to the Parties Without Including Mendoza In This Litigation.**

14  Plaintiff sues for breach of contract, breach of the

15  covenant of good faith and fair dealing, and fraud against

16  Allstate and against Mendoza, as Allstate's agent.  Mendoza was

17  with Perry when she filled out her life insurance application.

18  Plaintiff claims that, at that time, Mendoza either filled out

19  the insurance application for Perry "and adjust[ed] her answers

20  as he saw fit" or instructed her on how to answer the questions

21  on the application.  (Doc. 1, Notice of Removal, SAC, ¶35.)

22  Plaintiff claims Mendoza intended for Perry to give incomplete

23  and incorrect information about her medical history and to tender

24  the premiums contracted.  (Id., at ¶36.)  Until the time of her

25  death, Plaintiff performed all of the conditions under her

26  contract and paid all required premiums.  (Id., at ¶29.)

27  Plaintiff claims that any alleged inaccuracies in the policy

28  application were immaterial.  (Id., at ¶23.)  Plaintiff further

**8**

1   argues that Perry relied on Mendoza's representations and that
2   she could not have otherwise discovered the falsity of Mendoza's
3   representation. (Id., ¶37.)  Mendoza's actions were discovered
4   only after Plaintiff was informed by counsel that Allstate would
5   not honor the policy and an investigation was conducted into what
6   occurred at the time the application was filled. (Id.,  ¶38.)
7   Plaintiff seeks relief from Mendoza and from Allstate.

8        Plaintiff's claims against Allstate rely entirely on the
9   relationship between Mendoza and Perry.  By definition, parties
10  to be joined under Rule 19 are those against who are so situated
11  as a practical matter as to impair either the effectiveness of
12  relief or their own present parties' ability to protect their
13  interest. *EEOC v. Peabody W. Coal Co., 400 F.3d 774, 783 (9th
14  Cir. 2005).*  Perry is no longer available to speak about her
15  purchase of the life insurance policy.  Without joining Mendoza
16  in this litigation, Plaintiff, as the administrator of Perry's
17  estate, could not obtain full and just adjudication of her
18  claims.  The rights present in this controversy depend on the
19  information Mendoza may provide.  He is the only party in this
20  case who has information about the circumstances underlying the
21  purchase of the life insurance policy.

22       The record is unclear as to whether Mendoza was a life
23  insurance agent employed by Allstate, an independent insurance
24  agent, a broker, an agent of Perry, or a dual agent.  Such a
25  determination directly affects the relief to which Plaintiff may
26  be entitled.  Without Mendoza's testimony and participation,
27  complete relief cannot be accorded to all the parties and
28  complete justice cannot be obtained.  Allstate would be able to

**9**

point to the "empty chair" and deny all his acts or omissions. Thus, Mendoza is a necessary party to this action per Rule 19 as his presence is needed for the just adjudication of the claims, particularly if he is found to be independent of Allstate.

> **b.   Any Judgment Rendered In This Action May Impair or Impede Davis' Ability to Protect His Interest, As The Named Beneficiary, To Perry's Life Insurance Policy.**

Plaintiff also brings a claim for declaratory relief against Davis, the named beneficiary under the policy.  Davis was convicted of Perry's murder and is currently serving two life sentences in a California prison.  A final judgment has not been rendered as Davis is currently appealing his conviction. Plaintiff seeks declaratory relief under Probate Code section 254(b) which provides that any civil proceeding subsequent to a criminal trial may independently examine the facts in order to determine whether the defendant actually committed the offense for the purposes of the particular proceeding.  *Estate of McGowan,* 35 Cal. App. 3d 611, 618 (Cal. Ct. App. 1973). Plaintiff's claim for declaratory relief against Davis substantially affects his claim to Perry's insurance benefits. Under section 252 of the California Probate Code[2], a court may

---

[2] Cal. Prob. C. Section 252 provides:

> "A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer predeceased the decedent."

find by a preponderance of the evidence that Davis is ineligible to receive the benefits of Perry's life insurance.

Under Rule 19, the finding that a party is necessary to the action is predicated only on that party having a claim to an interest. *Shermoen v. United States,* 982 F.2d 1312, 1317 (9th Cir. 1992). Just adjudication of claims require that courts protect a party's right to be before the court and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party. *Id.* The joinder rule is to be applied so as to preserve the right of parties "to make known their interests and legal theories." *Id.* In this case, the ultimate issue is whether Allstate is required to pay the benefits under Perry's insurance policy. While this question depends on the circumstances surrounding the policy and the relationship between Perry and Mendoza, it cannot be said that Davis, as the policy's beneficiary, does not have an interest in the outcome of this case. Davis has an interest in preserving his own claim to Perry's insurance benefits with his concomitant right not to have his legal duties judicially determined without his consent. Failure to include Davis in this action would prejudice Plaintiff's and his interests in the policy by impairing or impeding their ability to resolve their respective interests in a single forum. Under Rule 19(a) Davis is a necessary party to this action.

### iii. Even If Davis Were Not a Necessary Party Under Fed. R. Civ. P. Rule 19(a), He May Still Be Joined As A Defendant Under Fed. R. Civ. P. 20(a).

Any person may be joined as a co-plaintiff or be joined as a defendant, if:

1

2

    1)    A right to relief is asserted by or against them jointly, severally, or in the alternative; and

3

4

    2)    The right to relief arises out of the same transaction or series of transactions; and

5

6

    3)    There is at least one question of law or fact common to all parties joined.

Fed. R. Civ. P. 20(a).

7

    The permissive joinder requirements of Fed. R. Civ. P. 20(a)

8

9

are construed liberally in order to promote the broadest scope of

action consistent with fairness to the parties. *Matthews Metal*

10

*Prods., Inc. v. RBM Precision Metal Prods., Inc.,* 186 F.R.D. 581,

11

583 (N.D. Cal. 1999)*; see also League to Save Lake Tahoe v. Tahoe*

12

*Regional Planning Agency,* 558 F2d 914, 917 (9th Cir. 1977)

13

(permissive joinder is to be construed liberally in order to

14

promote trial convenience and to expedite the final determination

15

of disputes, thereby preventing multiple lawsuits).  It is not

16

necessary that each plaintiff or defendant be involved in every

17

claim set forth in the complaint.  Judgment may be awarded

18

against one or more defendants according to their respective

19

liabilities.  Fed. R. Civ. P. 20(a).  After a case has been

20

removed, if a defendant's joinder destroys complete diversity,

21

the court may nonetheless allow joinder and remand the case to

22

state court.  28 U.S.C. § 1447(e)*; see also Boon v. Allstate Ins.*

23

*Co.,* 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002).

24

    Both Plaintiff and Davis have an interest in the ultimate

25

issue of whether Allstate owes either of them benefits under

26

Perry's life insurance policy.  This right to relief from

27

Allstate arises from the common set of facts relating to the

28

**12**

policy's purchase and designation of Davis as a beneficiary. Plaintiff has also asserted a claim for declaratory relief against Davis as the beneficiary under the policy. Davis has been convicted of Perry's murder. Though Davis is appealing this conviction, under California state law, Plaintiff may bring an action for declaratory relief to determine whether Davis has forfeited his rights to collect the insurance proceeds under the policy. All parties share an interest in common questions of law and fact that speak to the validity of Perry's policy, the rights of her personal representative to collect under the policy, and whether Davis is a proper beneficiary under the policy. In the interests of trial convenience and judicial expediency and economy, Davis is properly joined under Fed. R. Civ. P. 20(a).

### iv.   Fraudulent Joinder

Allstate contends that Plaintiff joined Mendoza and Davis as sham defendants to destroy diversity jurisdiction. However, since Mendoza and Davis are necessary parties and proper parties under Rule 19(a) and Rule 20(a), it follows that they were not fraudulently joined. Even if Mendoza and Davis were not necessary or proper parties, based on their legal interests in the policy, they are not sham defendants.

A non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a sham or fraudulent. *Morris v. Princess Cruise, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulently joined defendants will not defeat removal on diversity grounds. *Briano,* 126 F. Supp. 2d at 1296 (*citing Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-19 (9th Cir. 1998).)

Fraudulent joinder is a term of art. *Id.* (quotations omitted). The question is simply whether there is any possibility that the plaintiff will be able to establish a cause of action against the disputed defendant in state court, or that there has been an outright fraud in plaintiff's pleadings of jurisdictional facts. *Alderman v. Pitney Bowes Mgmt. Servs.,* 191 F. Supp. 2d 1113, 1116 (C.D. Cal. 2002)(*citing Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983).) The burden of proving a fraudulent joinder is a heavy one. A defendant will be deemed fraudulently joined only if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not recover against a non-diverse party. *Calero v. Unisys Corp.,* 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). The defendant seeking removal to federal court is entitled to present facts showing joinder to be fraudulent. *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). There is no fraudulent joinder if the defendant's assertions go to the merits of the action as an entirety, and not to the joinder. *Ritchey,* 139 F.3d at 1318.

A court must not take an overly mechanistic approach to defendants' fraudulent joinder claim. *Alderman,* 191 F. Supp. 2d at 1116. Given the presumption against removal jurisdiction, disputed questions of fact should be decided in favor of the non-moving party. *Levine v. Allmerica Financial Life Ins. & Annuity Co.,* 41 F.Supp. 2d 1077, 1078 (C.D. Cal. 1999); *Good v. Prudential Ins. Co. of America,* 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). Doubt arising from inartful, ambiguous, or technically

defective pleadings should be resolved in favor of remand. *Alderman,* 191 F. Supp. 2d at 1116.

>              a.   **There is No Possibility That Plaintiff Would Prevail In Her Claims Against Mendoza For Breach of Contract or Breach of Implied Covenant of Good Faith.**

Plaintiff brought claims against Mendoza for breach of contract and for a breach of the implied covenant of good faith. Plaintiff argues that Mendoza breached his obligation under the policy by refusing to pay her the benefits under the policy. "Under California law an insurance agent cannot be held liable for breach of the insurance contract or breach of implied covenant of good faith and fair dealing because he is not a party to the insurance contract." *Meisel v. Allstate Indemnity Co.,* 357 F. Supp. 2d 1222, 1226 (E.D. Cal. 2005); *Minnesota Mut. Life Ins. Co. v. Ensley,* 174 F.3d 977, 981 (9th Cir. 1999)(*citing Gruenberg v. Aetna Ins. Co.,* 9 Cal. 3d 566, 567, 108 Cal. Rptr. 480, 510 P.2d 1032 (1973).)  Plaintiff's breach of contract claim and claim for breach of implied covenant of good faith fail as a matter of law.

Plaintiff also raises the issue of attaching liability to Mendoza under a "dual agent" theory.  An insurance agent or employee acting as a dual agent can be held liable where he acts for his own personal advantage.  *Meisel,* 357 F. Supp. 2d at 1227 (*citing Mercado v. Allstate Ins. Co.,* 340 F. 3d 824, 826 (9th Cir. 2003).)  An employee becomes a dual agent by assuming special duties for the benefit of the insured beyond those required by the principal insurer.  *Mercado,* 340 F.3d at 826 n.1. Accordingly, the agent may be liable to the insured for losses

which resulted as a breach of that special duty.  *Jones v. Grewe, 189 Cal. App. 3d 950, 955 (Cal. Ct. App. 1987)*.  The insured may sue for breach of the agreement, or he may sue in tort for negligent breach of the duty imposed by the agreement.  *Id.*

Plaintiff does not allege that Mendoza assumed any special duties for Perry's benefit.  Plaintiff does not allege that a fiduciary relationship existed between Mendoza and Perry. Plaintiff only contends that it is impossible to determine whether such an arrangement might have existed without joining Mendoza as a defendant.  Plaintiff is Perry's personal representative and is legally permitted to develop facts to determine whether Mendoza acted in a dual agency capacity.  It cannot be determined as a matter of law that Plaintiff cannot prevail against Mendoza for breach of an agency contract.

### b.  Plaintiff Sufficiently Alleges A Claim for Fraud Against Mendoza.

Plaintiff also brings a claim for fraud against Mendoza.  An insurance company's agent may be held personally responsible for committing fraud.  *McNeill v. State Farm Life Ins. Co.,* 116 Cal. App. 4th 597, 603 (Cal. Ct. App. 2004).  Allstate argues that Plaintiff's fraud claim against Mendoza fails because Plaintiff does not allege with specificity the misrepresentations made by Mendoza to Perry.  Allstate contends that Plaintiff's complaint only presents mere allegations of information and belief and, as such, is insufficient to state a claim for fraud.

In determining whether there was fraudulent joinder, a district court must decide whether the plaintiff can sustain a claim against the defendant in state court.  *Alderman,* 191 F.

**16**

Supp. 2d at 1116 (*citing Green,* 707 F.2d at 205).   Under
California law, to state a claim for fraud the Plaintiff must
plead: 1) a misrepresentation of material fact; 2) knowledge of
falsity; 3) intent to deceive and induce reliance; 4) justifiable
reliance on the misrepresentation; 5) resulting damages.
*Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal. 4th 979, 990
(Cal. 2004); *Century Surety Co. v. Crosby Insurance Inc.,* 124
Cal. App. 4th 116, 122 (Cal. Ct. App. 2004); *see also* Cal. Civ.
Code §§ 1709 and 1710.   In California, fraud must be pled
specifically; general and conclusory allegations do not suffice.
*Murphy v. BDO Seidman,* 113 Cal. App. 4th 687, 692 (Cal. Ct. App.
2003); *Small v. Fritz Companies, Inc.,* 30 Cal. 4th 167, 184
(Cal. 2003).   A policy of liberal construction of the pleadings
will not ordinarily be invoked to sustain a pleading defective in
any material respect.   *Id.*   This particularity requirement calls
for facts that show how, when, where, to whom, and by what means
the representations were tendered.   *Id.*

Plaintiff alleges that on January 29, 2000 Mendoza was with
Perry at the time that she filled out her life insurance
application.   Plaintiff alleges that, at that time, Mendoza
misrepresented material facts to Perry by either filling out the
insurance application for Perry "and adjust[ing] her answers as
he saw fit" or instructing her on how to answer the questions on
the application.   (Doc. 1, Notice of Removal, SAC, ¶35.)
Plaintiff alleges that Mendoza made knowingly false
representations to Perry with the intent to induce her to give
incomplete and incorrect information in the policy's application
regarding her medical history and to tender the premiums

contracted. (Id., at ¶36.) Plaintiff alleges that Perry relied on Mendoza's representations and that she could not have otherwise discovered the falsity of Mendoza's representations. (Id., ¶37.) Mendoza's fraud was not discovered until after Plaintiff was informed by counsel that Allstate would not honor the policy and an investigation took place into what occurred at the time the application was filled. (Id., ¶38.) Lastly, Plaintiff claims that Mendoza's misrepresentations caused Perry injury and damage in the amount of the policy, prejudgment interests, and damages. (Id., at ¶39.) Plaintiff's allegations are sufficient to state a claim for fraud against Mendoza. At the pleading stage, it cannot be said that there is no possibility Plaintiff's fraud claim will fail as a matter of law or that Mendoza is fraudulently joined as a defendant in the present action. Even if Plaintiff's claim for fraud against Martinez is insufficiently pled, Allstate must still show that Davis was also fraudulently joined as a defendant to maintain diversity jurisdiction. Mendoza is a proper defendant.

> ### c. Plaintiff's Claim for Declaratory Relief Against Davis Was Properly Brought Before California Courts.

Allstate argues that Plaintiff's claim against Davis is improper. First, Allstate argues that the claim for declaratory relief is a procedural remedy, not substantive law and Plaintiff has therefore asserted no substantive claims against Davis. Allstate cites *Skelly Oil Co. v. Phillips Petroleum Co., 339 US 667, 672 (1950)* which holds that where a suit is brought in federal courts, "upon the sole ground that the determination of the suit depends on some question of a federal nature" it must

appear from the pleadings that the suit is of that character. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 US 667, 672 (1950). *Skelly* is distinguishable and inapplicable. The issue in this case is whether the court has diversity jurisdiction, not whether federal question jurisdiction exists. Plaintiff's declaratory judgment action is brought under state law. In evaluating a claim of fraudulent joinder, the inquiry is not whether Plaintiff will actually prevail in her declaratory judgment action against Davis in state court, but only whether there is a possibility Plaintiff may do so. *Alderman*, 191 F. Supp. 2d at 1116.

Allstate argues that Plaintiff's claim for declaratory relief is a special proceeding that does not qualify as a "viable cause of action" in California state courts. Allstate also argues that even if Plaintiff's claims are valid, no claim against Davis can stand because the controversy is not yet ripe for declaratory relief, since Davis is appealing his conviction. Allstate contends that Davis' conviction is a "mere hypothetical" because it is currently on appeal and that declaratory relief cannot be finally adjudicated when the appeal is pending. Lastly, Allstate claims that any decision for declaratory relief would purely be an advisory opinion.

Once again, Allstate confuses the proceedings and the law. California Probate Code section 254(b) provides:

> "In the absence of a final judgment of conviction of felonious and intentional killing, the court may determine by a preponderance of evidence whether the killing was felonious and intentional for purposes of this part. The burden of proof is on the party seeking to establish that the killing

was felonious and intentional . . . ." Subsequent to a criminal trial, state courts in any civil proceeding may independently examine the facts to determine whether the defendant actually committed the offense for the purposes of the particular proceeding. *Estate of McGowan,* 35 Cal. App. 3d at 618. In other words, section 254(b) gives Plaintiff the option of seeking to determine whether "the killing was intentional and felonious" in California State courts, rather than in a probate proceeding.

Plaintiff did not bring a claim against Davis in a California probate court. Plaintiff brought a claim for declaratory relief in the Superior Court of Stanislaus County. Actions for declaratory relief are civil actions, expressly authorized by California law. Cal. Civ. Proc. Code §§ 22[3], 30[4], and 1060[5]; *see also Maguire v. Hibernia Sav. & Loan Soc., 23 Cal.*

---

[3] Cal. Code. Civ. Proc. §22 provides, "An Action is an ordinary proceeding in a court of justice by which one party prosecutes another for the *declaration* of a public offense (emphasis added)..."

[4] Cal. Code Civ. Proc. §30 provides, "A civil action is prosecuted by one party against another for the declaration...of a wrong."

[5] Cal. Code Civ. Proc. §1060 provides:

> "Any person interested under a written instrument... or under a contract... or who desires a declaration of his or her rights or duties with respect to another...may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action in superior court for a declaration of his or her rights... including a determination of any question of construction or validity arising

2d 719, 733 (Cal. 1944).  Plaintiff is not required to wait until
Davis' criminal appeal becomes final to bring her claim.
Further, the issue is not whether Plaintiff will be granted
declaratory relief.  Whether Davis was fraudulently joined
requires an inquiry only as to whether Plaintiff has a
possibility of sustaining a claim against him for such relief in
California state court.  A decision on this claim cannot be an
advisory opinion as Allstate suggests.  It cannot be said that
Plaintiff will fail in her claim for declaratory relief in state
court against Davis as a matter of law.  She has a genuine
dispute with Davis whether his conduct excludes his right to the
policy proceeds which are claimed by Plaintiff.  Allstate has not
met its burden of showing that Plaintiff's claim for declaratory
relief will obviously fail under California law.  The presumption
against removal weighs in favor of Plaintiff.[6]

**v.   Unanimity Requirement**

Plaintiff argues that even if Mendoza and Davis are found to
be fraudulently joined, there is still a lack of diversity
jurisdiction because Allstate failed to comply with the unanimity

under the instrument."

[6] At oral arguments, Counsel for Allstate also argued that
Plaintiff failed to state a cause of action against Martinez and
against Davis under *McCabe v. General Foods Corp.*, 811 F.2d 1336,
1339 (9th Cir. 1987).  In *McCabe,* the Court found that Plaintiff
failed to allege the duty element of his negligence claim and
failed to state the requisite outrageousness for his intentional
infliction of emotional distress claim.  *McCabe* is factually
distinguishable.  Martinez and Davis are necessary parties to
this litigation.  Even if they were not necessary parties,
however, Plaintiff has sufficiently alleged state law claims
against both parties such that it cannot be said their joinder is
fraudulent.

requirement for removal.  Pursuant to 28 U.S.C. Section 1446[7],
all proper defendants are required to join or consent to the
removal of any civil action from a state court to a federal
district court.  *Prize Frize v. Matrix (U.S.) Inc.,* 167 F.3d
1261, 1266 (9th Cir. 1999)*; Parrino v. FHP, Inc.,* 146 F.3d 699,
703 (9th Cir. 1998).  In removals involving multiple defendants,
not all defendants must actually file a notice of removal.  *Ford
v. New United Motors Mfg.,* 857 F. Supp. 707, 708 n.3 (N.D. Cal.
1994).  All that is required is that each defendant file a
document in which the defendant formally concurs with the
removal.  *Id.*  The removing defendant has the burden of
explaining the absence of any other defendant.  *Prize Frize,* 167
F.3d at 1266 (holding "the case was improperly removed because
not all defendants consented to the removal").

     Allstate's pleadings are silent as to Davis and Mendoza's
consent for removal.  Allstate does not allege it obtained either
Davis or Mendoza's consent before removing this case to federal
court.  There are no documents on record by either Mendoza or
Davis indicating a formal concurrence with the removal.  It is
unknown, based on Allstate's Notice of Removal, whether Davis or
Mendoza have consented or will consent officially and
unambiguously to Allstate's removal action.  Allstate is not in a

---

[7] 28 U.S.C. § 1446(a) provides:
     "a defendant or defendants desiring to remove
     any civil action... from a State court shall
     file in the district court of the United
     States for the district and division within
     which such action is pending a notice of
     removal and signed pursuant to Rule 11 of the
     Federal Rules of Civil Procedure..."

position to speak for Mendoza or Davis.   Allstate's failure to meet its burden of explaining the absence of unanimity by Mendoza and Davis is fatal.   Removal of the case to federal court was improper.

### vi.   Davis' Interest Cannot Be Realigned For the Purposes of Determining Diversity.

Allstate argues that Davis should be realigned with Plaintiff because his real interests are the same in that both Davis and Plaintiff are seeking the insurance benefits paid under the policy.   The issue of alignment for purposes of diversity jurisdiction requires a court to "look beyond the pleadings" to the actual interests of the parties respecting the subject matter of the lawsuit.   *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 872 (9th Cir. 1999).   Alignment for jurisdictional purposes is proper where parties' interests coincide respecting the "primary matter in dispute."   *Id.* at 873. If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes.   *Dolch v. United California Bank,* 702 F.2d 178, 181 (9th Cir. 1983).

The primary issue in this case involves coverage under Perry's policy and who is entitled to receive Perry's insurance benefits.   While Allstate correctly asserts that Plaintiff and Davis both share a similar interest in Perry's insurance benefits, those interests are totally antagonistic to each other. If a judgment against Allstate is entered finding coverage, the right to the benefits and whether the conduct of Perry or Davis

1   defeats recovery remains.  The allegedly disabling grounds to

2   defeat coverage are different for Perry and Davis.  Plaintiff's

3   and Davis's interests are different and cannot be aligned.

4   Plaintiff's allegations pursuant to Probate Code section 252 are

5   also totally opposed to Davis' interests, as he is currently

6   appealing his murder conviction.  Realigning Davis as a plaintiff

7   in this action is improper.

       **C.   Attorney Fees**

8

9        An order remanding the case may require payment of just cost

10  and any actual expenses, including attorney fees, incurred as a

11  result of the removal.  28 U.S.C. § 1447(c).  The purpose of such

12  an award is not to punish defendants, but rather to reimburse

13  plaintiffs for unnecessary litigation costs.  *Kanter v. Warner*

14  *Lambert Co., 52 F. Supp. 2d 1126, 1132 (N.D. Cal. 1999)*, *aff'd,*

15  265 F.3d 853 (9th Cir. 2001).  A showing of the removing

16  defendant's bad faith is not required for an award of attorney

17  fees and costs.  *Moore v. Permanente Medical Group, Inc.,* 981

18  F.2d 443, 446 (9th Cir. 1992).  The decision of whether to award

19  costs and fees lies within the sound discretion of the trial

20  judge who may take into account the particular circumstances of

21  the case and the legal issues involved.  *Schrader v. Hamilton,*

22  959 F. Supp. 1205, 1212 (C.D. Cal. 1997).

23       Plaintiff seeks to recover $2,250 for fees and expenses

24  incurred for the remand motion.  (Doc. 13, Declaration of Robert

25  W. Crabtree, Filed March 9, 2006, ¶4.)  Plaintiff's attorney

26  supports his hourly billing rate of $300 by noting that he is a

27  California certified specialist in estate planning and probate

28  law.  (Id., ¶3.)  The breakdown of attorneys fees are as follows:

**24**

Preparation of motion (2.5 hours):          $450.00

Preparation of reply (1 hour):              $300.00


Attendance at hearing, including
travel (5 hours):                           $1500.00

Total:                                      $2,250.00

(Doc. 13, Declaration of Robert W. Crabtree, ¶4.)

Defendants should have noted another insurer lost a remand motion concerning Perry's administratrix's pursuit of coverage under another insurance policy.  Attorneys fees are appropriately recoverable in securing remand.

### 5. DEFENDANTS' MOTION TO DISMISS

#### A.   Standard of Review

Fed. R. Civ. P. 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."  However, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored and rarely granted.  The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to

the nonmoving party.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).  A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.   Discussion**

> **i.   Stanislaus County Superior Court Must Decide Whether Cal. Code Civ. Proc. Section 339(1) Was Tolled Until Victor Davis, the Named Beneficiary Under the Insurance, Was Convicted for the Murder of Jennifer Perry.**

Defendants move to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing arguing that it is time barred under California Code of Civil Procedure section 339(1).  Section 339(1) provides:

> "Within two years... a [cause of] action upon a contract, obligation, or liability evidenced... by a policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder."

Cal. Code Civ. Proc. §339(1).  Defendants argue that the statute of limitations began to run once Plaintiff became aware of the cause of action.  Allstate notified Plaintiff in August of 2002 that the benefits under the insurance were not payable.  Plaintiff did not file her cause of action until June 3, 2005, over two years after she discovered that she had a cause of action.  Accordingly, Defendants argue that Plaintiff's claim for breach of covenant of good faith and fair dealing is time barred.

Plaintiff opposes defendants' motion claiming that she lacked standing to bring a claim for breach of covenant of good

**26**

faith and fair dealing until Davis was convicted for the murder
of Perry.  However, Plaintiff points to no legal authority to
support her argument.  She argues that Davis was the only named
beneficiary of the insurance policy and that Plaintiff could not
enforce the policy unless the estate became the beneficiary.
Only after Davis was convicted of Perry's murder and deemed to
have predeceased Perry under California Probate Code section 252
did Plaintiff attain standing as a beneficiary.  Plaintiff argues
that section 339(1) did not begin to run until February 2005 when
Davis was convicted.  Plaintiff claims that she filed her
original complaint on June 3, 2005 well within the two year
statute of limitations.  (Doc. 14, Mem. in Opp. to Mot. to
Dismiss.)

      There are two separate requirements to establish breach of
the implied covenant of good faith: 1) benefits due under the
policy must have been withheld and 2) the reason for withholding
benefits must have been unreasonable or without proper cause.
*Tilbury Construction, Inc. v. State Comp. Ins. Fund,* 137 Cal.
App. 4th 466, 475 (Cal. Ct. App. 2006).  Because the essence of
the tort of bad faith and breach of contract is focused on the
prompt payment of benefits due under an insurance policy, there
is no cause of action for breach of covenant of good faith and
fair dealing when no benefits are due.  *Progressive West Ins. Co.
v. Superior Court,* 135 Cal. App. 4th 263, 279 (Cal. Ct. App.
2005).  In California, in the event of an intentional killing of
the insured by the primary beneficiary, the contingent
beneficiaries become entitled to the insurance proceeds.  *Estate
of McGowan,* 35 Cal. App. 3d at 615.  Unless the policy so

**27**

provides, however, the insurer is not relieved of liability because of the disqualification of the principal beneficiary. *Mize v. Reserve Life Insurance. Co.,* 48 Cal. App. 3d 487, 492 n.2 (Cal. Ct. App. 1975). If no contingent beneficiary is designated in the policy the proceeds thereof are payable to the estate of the murdered insured. *Id.* (internal quotations and citations omitted).

The particular set of facts in this case has been addressed in *Mize v. Reserve Life Ins. Co.,* 48 Cal. App. 3d 487 (Cal. Ct. App. 1975). *Mize* held that section 339(1) is tolled until the judgment of conviction of the named beneficiary for the murder of the insured becomes final.[8] *Mize,* 48 Cal. App. 3d at 494. In *Mize,* an administrator of an estate brought an action against a life insurance company to collect the proceeds of two life policies on the ground that payment was due to the insured's estate rather than to the named beneficiary who had murdered the insured. *Mize,* 48 Cal. App. 3d at 489. The administrator of the estate did not commence the action until after the judgment of the murder conviction became final on appeal. *Id.* The parties disputed whether the administrator's action was barred by the statute of limitations section 339(1). *Id.* at 491. Prior to initiating the lawsuit, the administrator wrote a letter to Defendant insurance company notifying it that the insured's death

---

[8] *Mize*, however, does not stand for the proposition that the statute of limitations is automatically tolled in a case where the insured is killed by the named beneficiary in the life insurance policy and a criminal prosecution is pending. There must be a conviction. Whether there is tolling depends on the particular facts of the case. *Mize,* 48 Cal. App. 3d at 494 n.4. In this case there is no criminal prosecution pending.

was the result of a homicide and requested the funds to be withheld until further investigation. *Id.* at 490. She also furnished the insurance company with documents of the police investigation into the insured's death. *Id.* The insurance company sent the administrator a notice of cancellation and rescission of each of the policies on the grounds that "the consent of the party rescinding was obtained through fraud of the deceased." *Id.* In its answer to the complaint, Defendant insurance company alleged as a defense that the administrator's action was barred by the statute of limitations. *Id.* The court rejected this defense on the ground that the administrator had promptly alerted the insurance company as to the possibility that the named beneficiary was disqualified from receiving any proceeds. *Id.* at 493. The fundamental purpose of the statute of limitations was served in that the insurance company had timely notice of the circumstances bearing upon the claims under the policy and its rights and obligations, so that it could assemble a defense while the facts were still fresh. *Id.*

Plaintiff's counsel contacted Allstate and informed them of Perry's death on August 6, 2001. (Doc. 1, Notice of Removal, SAC, ¶12.) It is unclear from the record, however, whether Plaintiff's counsel also informed Allstate that Perry's death was a possible murder. Plaintiff alleges that she made a claim for the benefits under the policy. (Doc. 1, Notice of Removal, SAC, at ¶13.) In a letter dated August 27, 2002, Allstate refused to pay the benefits and rescinded the policy on the grounds that Perry misrepresented her medical condition in her application. (Doc. 1, Notice of Removal, SAC, ¶14.) Allstate alleges as a

defense that the statute of limitations for Plaintiff's breach of covenant of good faith claim began accruing on the date Plaintiff's counsel received this letter.[9]

Plaintiff did not file her claim until June 3, 2005 after Davis was convicted of Perry's murder.  Plaintiff could not maintain an action for proceeds of the insurance policy because no benefits were due to the estate until after Davis was convicted of Perry's death.  The running of the statute of limitations may be suspended by causes not mentioned in the statute itself.  *Mize,* 48 Cal. App. 3d at 492.  Suspension of the running of the statute of limitations in this case would not frustrate the primary purpose of section 339(1), prejudice to the insurer.  The fundamental purpose of section 339(1) was served in that Allstate had timely notice of Plaintiff's claims so that they could assemble a defense.

Allstate also argues that nothing prevented Plaintiff from bringing a special proceeding pursuant to Probate Code Section 254 for a determination of whether the killing was felonious and intentional.  Allstate's argument does not make sense in light of its opposition to Plaintiff's motion for remand in which Allstate argues against such a "special proceeding."  It would have been impractical and inefficient for Plaintiff to have brought such a proceeding while Davis' criminal trial was pending.  Where there is no available eyewitness to establish that Davis killed the insured, "it [is] impracticable for [Plaintiff] to undertake the

---

[9] Plaintiff acknowledged that her counsel received Allstate's letter on August 30, 2002.  (Doc. 1, Notice of Removal, SAC, at ¶13.)

difficult task of assembling circumstantial evidence sufficient to show the essential fact of murder." *Mize*, 48 Cal. App. 3d at 494. "The exercise of prudent judgment would dictate that task be left to the prosecuting authorities, who were investigating the case and did in fact undertake the prosecution of [Davis] resulting in the Murder conviction." *Id.* "Upon that conviction becoming final, it was practicable for [Plaintiff] to proceed with [her] civil action." *Id.*

While the facts indicate that Section 339(1) was tolled pending the determination of Davis' murder trial, that determination is better left to Stanislaus County Superior Court.

> **ii.  Stanislaus County Superior Court Must Also Decide Whether Plaintiff Sufficiently Alleged a Claim of Fraud Against Allstate through Mendoza As a Life Agent.**

Allstate moves to dismiss Plaintiff's fraud[10] claim arguing that she has failed to plead the claim with particularity. Plaintiff's claim for fraud is alleged against Allstate through the conduct of Mendoza in his capacity as a life agent.

In California, a life agent is an insurance agent authorized by and on behalf of a life insurer to transact life insurance business. Cal. Ins. Code § 31. Where there is an agency, the company is bound as to third persons dealing with the agent in good faith as to all matters within the scope of the agent's real or apparent authority. *Bank of Anderson v. Home Ins. Co.*, 14 Cal. App. 208, 218 (Cal. Ct. App. 1910). To state a claim for fraud in California, the Plaintiff must plead: 1) a

---

[10] Though not specified in the pleadings, Plaintiff alleges actual fraud. She does not raise the issue of constructive fraud.

misrepresentation of material fact; 2) knowledge of falsity; 3) intent to deceive and induce reliance; 4) justifiable reliance on the misrepresentation; 5) resulting damages. *Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal. 4th 979, 990 (Cal. 2004); *Century Surety Co. v. Crosby Insurance Inc.,* 124 Cal. App. 4th 116, 122 (Cal. Ct. App. 2004); *see also* Cal. Civ. Code §§ 1709 and 1710.  Fraud must be pled specifically; general and conclusory allegations do not suffice.  *Murphy v. BDO Seidman,* 113 Cal. App. 4th 687, 692 (Cal. Ct. App. 2003); *Small v. Fritz Companies, Inc.,* 30 Cal. 4th 167, 184 (Cal. 2003).  A policy of liberal construction of the pleadings will not ordinarily be invoked to sustain a pleading defective in any material respect. *Id.*  This particularity requirement requires facts which show how, when, where, to whom, and by what means the representations were tendered.  *Id.*

Allstate argues that plaintiff has failed to identify Mendoza's specific statements that were allegedly fraudulent. Allstate claims that it is unclear what conduct by Mendoza the fraud claim is based on and that Plaintiff has not alleged concrete facts demonstrating contemporaneous falsehood in any representations.

Plaintiff alleges that Mendoza was with Perry at the time she filled out her life insurance application on January 29, 2000.  Plaintiff claims that Mendoza misrepresented material facts to Perry at that time by either adjusting her answers on the application or instructing on how to provide the answers. According to Plaintiff, Mendoza intended to induce Perry to give incomplete or incorrect information by knowingly making false

representations to her.  Perry, in turn, relied on these representations and could not have known of their falsity. Lastly, Plaintiff claims that Mendoza's misrepresentations caused Perry injury and damage in the amount of the policy.  Whether these allegations are sufficient to plead a fraud claim against Allstate, through Mendoza in his capacity as a life agent, is a determination to be made in Stainslaus County Superior Court.

## CONCLUSION

This action is REMANDED to Stanislaus County Superior Court. Allstate is ORDERED to pay Plaintiff attorneys fees in the amount of $2,250.00 within thirty (30) days following date of service of this decision.

**SO ORDERED**

Dated: July 17, 2006

/s/ OLIVER W. WANGER

**OLIVER W. WANGER**
**United States District Judge**

33